**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erin Wilson, et al., | No. CV-21-01705-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Steven Goumas, et al., | |
| Defendants. | |

At issue is Defendant Steven Goumas' motion for attorney fees (Doc. 23), which is fully briefed (Docs. 26, 27) and will be granted in part.

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2(a)(1), and from retaliating against an employee or applicant for opposing any practice made unlawful by Title VII, or for making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under Title VII, 42 U.S.C. § 2000e-3(a). Liability extends to the employer. "Under Title VII there is no personal liability for employees, including supervisors[.]" *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995).

In this case, Plaintiffs Erin Wilson and Arianna Lee accused Goumas of harassing, assaulting, and battering them when they worked as servers at Rula Bula, a bar that once operated in Tempe, Arizona. Their initial complaint brought state law negligence, assault,

and battery claims, as well as Title VII discrimination, hostile work environment (a species of discrimination), and retaliation claims against Goumas personally. (Doc. 1.) Wilson and Lee alleged that Goumas was liable under Title VII as an employer because he owned and operated Rula Bula as a sole proprietorship. (*Id.* ¶ 8.)

This turned out to be false. Goumas did not own Rula Bula. The bar was owned by Irish Pub – Tempe LLC, which was owned by Stealth Culinary LLC and Boer Hospitality LLC, both of which were owned by a person named Patrick Lambert. This information, along with citations to Ninth Circuit and District of Arizona cases explaining that individuals (even supervisors) are not personally liable under Title VII, was furnished to Wilson's and Lee's attorney, Robert Reder, by Goumas' attorney, Justin Pierce, in a January 24, 2022 email. (Doc. 23-1 at 22-23.) What followed was a monthslong conferral that ultimately culminated in the voluntary dismissal of this action, but only after Goumas incurred thousands of dollars in attorney fees.

Goumas seeks an award of his attorney fees pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 2000e-5(k). Under § 1927, lawyers who unreasonably and vexatiously multiply court proceedings may be assessed the excess costs, expenses, and attorney fees incurred as a result. Section 1927 authorizes only the assessment of excess costs, expenses, and fees incurred because of an attorney's unreasonable conduct; it does not authorize an award of the total costs of litigation. *See United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347-48 (9th Cir. 1985). To award fees under this section, the Court must find that the attorney acted in bad faith. *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991). An attorney's bad faith is assessed under a subjective standard, and "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quotation and citation omitted). "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. Thus, while it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without

more, may not be sanctioned." *Id.* Section 2000e-5(k) permits the Court in Title VII cases to shift fees to a prevailing defendant, but the Court may do so only upon a finding that the plaintiff's case was frivolous, unreasonable, or without foundation, or if the plaintiff continued to litigate after the claim clearly became so. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *see also Schutts v. Bentley Nevada Corp.*, 966 F.Supp. 1549, 1555-56 (D. Nev. 1997).

Here, the Court finds no evidence that Reder filed or continued this lawsuit with the intention to harass Goumas. So, the analysis under both § 1927 and § 2000e-5(k) comes down to whether Reder recklessly filed a frivolous complaint, or recklessly continued to litigate the case once its frivolity became apparent.

The Court has carefully reviewed all the email communications submitted with the parties' briefing. These emails show that Pierce spent considerable time patiently explaining to Reder that Goumas could not be personally liable under Title VII because he did not own Rula Bula. It appears Reder initially had a mistaken, though good-faith belief that Goumas owned Rula Bula based on some public statements Goumas allegedly made to that effect. But by February 4, 2022, it should have been clear to Reder that the Title VII claims against Goumas had to be dismissed. On that date, Pierce sent Reder an email reiterating that Irish Pub – Tempe LLC owned Rula Bula. Pierce also attached (1) Wilson's job description, which identified her employer as Irish Pub – Tempe LLC, (2) part of the Rula Bula employee handbook and Rula Bula's liquor license, both of which identified Rula Bula as being owned by Irish Pub – Tempe, LLC, and (3) the 2012 Amendment to Irish Pub – Tempe, LLC's articles of incorporation, which confirm that Patrick Lambert owned and managed Irish Pub – Tempe, LLC, via two other entities. (Doc. 23-1 at 3-4.) The error in naming Goumas as a Title VII defendant probably should have been apparent earlier, but even giving Reder the full benefit of the doubt, he should have promptly dismissed the Title VII claims against Goumas after receiving that February 4, 2022 email.

Instead, the Court did not receive a notice of voluntary dismissal until April. (Docs. 19, 20, 21.) During that time, Goumas paid Pierce and his firm to, among other things,

- 3 -

prepare a motion to dismiss (which ultimately was not filed because, on the day Goumas' responsive pleading was due, Reder finally withdrew the claims). These are fees Goumas never should have had to incur. The Court finds that, by February 4, 2022, Reder should have known that the Title VII claims against Goumas were frivolous, yet reckless perpetuated the litigation of those claims. Goumas is entitled to the attorney fees he incurred after that time.[1]

Reder does not argue that any of the fees Goumas occurred were unreasonable and having reviewed the itemized fee statement submitted with the fee motion (Doc. 23-1 at 27-29) the Court finds the rates charged and services rendered by counsel to be reasonable. The Court therefore will award Goumas the attorney fees he occurred after February 4, 2022, which amounts to $6,072.50.

**IT IS ORDERED** that Goumas' motion for attorney fees (Doc. 23) is **GRANTED** in part. Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 2000e-5(k), Goumas is awarded **$6,072.50** in attorney fees. These fees shall be paid by Plaintiffs' counsel, Robert Reder, not by Plaintiffs personally.

Dated this 27th day of March, 2023.

Douglas L. Rayes
United States District Judge

---

[1] In arguing against fees, Reder makes two frivolous arguments. First, he argues that Goumas failed to meet and confer regarding the fee issue in violation of Local Rule of Civil Procedure 54.2. (Doc. 26 at 3.) This is demonstrably false. (*See* Doc. 23-1 at 42-46.) Second, Reder argues that Goumas cannot recover fees because this case is closed, and the dismissal order says nothing about fees. (Doc. 26 at 2.) This argument is nonsense for two reasons. First, under Local Rule of Civil Procedure 54.2(b), fee motions are to be filed within 14 days of entry of judgment, meaning attorney fee motions are almost always filed after a case is closed. Goumas' motion was timely filed within 14 days after the Court dismissed this case. Second, nothing in the parties' stipulation to dismiss indicates that each party is to bear their own costs and fees. To the contrary, the record shows that the parties deliberately removed such language. (Doc. 27-1.)